# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| WILLIAM CRITTENDEN, | CASE NO. 12cv823-LAB (JMA) |
|---|---|
| Plaintiff, | **ORDER OF DISMISSAL** |
| vs. | |
| THE MCNEELANS, et al., | |
| Defendant. | |

On April 4, 2012, Plaintiff William Crittenden filed this action along with a motion to proceed *in forma pauperis* (IFP).

The IFP motion is not entirely complete, but it is clear Crittenden lacks the funds to pay the $350 filing fee. His motion to proceed IFP is therefore **GRANTED**.

Because Crittenden is proceeding IFP, the Court is required to screen his complaint, and to dismiss it to the extent it is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant. *See* § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In this case, it is clear the complaint must be dismissed, and cannot be saved by amendment.

A review of the dockets of federal district courts shows Crittenden has filed comparable complaints many times before. Recently, in the Western District of Texas, he filed a complaint in *Crittenden v. The McNeelans,* et al.*,* 11cv350-PRM. On August 30, 2011, the Hon. Philip Martinez issued an order screening that complaint. (Case 11cv350-PRM,

Docket no. 4). The order points out Crittenden had filed similar complaints before, each of which was found to be unintelligible or frivolous and dismissed. (*Id*. at 2–4.) Judge Martinez's order, after setting forth the standard for dismissing a complaint as frivolous, found it was easily met:

> Far beyond "delusional," "fanciful," irrational," and "wholly incredible," Plaintiff's complaints are also unintelligible, incomprehensible, and nonsensical. Despite construing Plaintiff's Petition liberally and more permissively than non-*pro se* pleadings, the Court is unable to discern a single coherent fact substantiating any of Plaintiff's alleged causes of action. Instead, the Petition is replete with fanciful charges against numerous individuals, the majority of whom are not named as defendants in the instant case. As a result, the Court is of the opinion that the Petition is frivolous.

(*Id*. at 6.) Judge Martinez also determined that dismissal with prejudice was appropriate, because no amendments "could remove it from the realm of the irrational and fantastic." (*Id*.)

The complaint in this case makes different allegations than the one in the case before Judge Martinez, but in every respect it shares the same characteristics Judge Martinez described. The complaint is therefore **DISMISSED WITH PREJUDICE** as frivolous.

Crittenden has submitted several extremely lengthy sets of documents for filing as motions, or for some other unspecified purpose. The documents are just as incoherent as the complaint, and by discrepancy order are being rejected for filing concurrently with this order. Among the collection of papers Crittenden has submitted, however, appear to be some personal records he may want or need. The Clerk is therefore directed to send all documents rejected by discrepancy order to Mr. Crittenden at his address in Phoenix, Arizona, as given on the front page of the complaint. If the address is incorrect, Mr. Crittenden is **ORDERED** to file a notice of change of address immediately, giving his correct mailing address. If the documents are returned as undeliverable and Mr. Crittenden has not filed the notice correcting his address, they will be discarded.

/ / /

/ / /

/ / /

/ / /

Except for the notice of change of address just mentioned, no further filings are to be made in this docket. Any further attempted filings will be summarily rejected.

**IT IS SO ORDERED**.

DATED: April 6, 2012

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge